**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-04-514 |
| | § | |
| GREG SINGLETON and | § | |
| MICHELLE VALENCIA. | § | |

------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-03-024 |
| | § | |
| MICHELLE VALENCIA. | § | |

**MEMORANDUM AND ORDER**

These criminal cases are before the Court on Defendant Michelle Valencia's Motion to Reconsider [Doc. # 63 in Criminal Action No. H-04-514; Doc. # 106 in Criminal Action No. H-03-024]. Valencia seeks reconsideration of the Court's prior ruling denying her Motion to Dismiss certain counts of the indictments against her. Specifically, Valencia challenges the Court's ruling that 7 U.S.C. § 13(a)(2) does not require the specific intent to affect the price of a commodity and that the statute is not unconstitutionally vague for failing to define "the price" as only the market price.

The factual background and the governing legal principles are set forth fully in the Court's August 25, 2003 Memorandum and Order entered in *United States v. Michelle Valencia*, Crim. Action No. H-03-024. *See United States v. Valencia*, 2003 WL 23174749 (S.D. Tex. Aug. 25, 2003), *rev'd on other grounds*, 394 F.3d 352 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 2286 (2005).  The Court has carefully reviewed the parties' briefing on the pending motions, as well as the relevant legal authorities. Based on this review, the Court **denies** Valencia's Motion for Reconsideration on the merits of her challenge to the constitutionality of § 13(a)(2).

The applicable portion of § 13(a)(2) makes it a felony for:

> Any person . . . knowingly to deliver or cause to be delivered for transmission through the mails or interstate commerce . . . false or misleading or knowingly inaccurate reports concerning crop or market information or conditions that affect or tend to affect the price of any commodity in interstate commerce . . . .

7 U.S.C. § 13(a)(2).  The Court now understands Valencia's argument to be that the statute is unconstitutional because it does not include a *mens rea* requirement for the "affect or tend to affect the price of any commodity" element.

There is generally a *mens rea* requirement for "each of the statutory elements that criminalize otherwise innocent conduct." *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994).  One exception to this general rule involves the jurisdictional element for which there is generally no *mens rea* requirement.  *See*

*United States v. Yermian*, 468 U.S. 63, 68-69 (1984). In this case, the Court cannot conclude that the "affect or tend to affect the price of any commodity" element of § 13(a)(2) is a jurisdictional element because § 13(a)(2) already contains a jurisdictional element – use of the mails or other means of interstate communication. Consequently, the Court concludes that the "affect or tend to affect the price of any commodity" element of § 13(a)(2) is not merely a jurisdictional element.

There is also, however, an exception to the general *mens rea* requirement for a materiality element. *See United States v. Boulerice*, 325 F.3d 75, 82 (1st Cir. 2003) (holding that "the government had to prove to the jury the materiality of [the defendant's] false statements" but "did not have to prove her knowledge of the materiality").[1] In this case, the "affect or tend to affect the price of any commodity" language in § 13(a)(2) provides and defines the materiality element – limiting the statute's reach to false reports which are material. An individual has committed no crime under § 13(a)(2) if he knowingly makes a false statement about crop or market information while talking on the telephone with his girlfriend who does not engage in market or commodity trading. It is only when the false statement could affect or tend

---

[1] Defendant has cited no case law or other legal authority contrary to the First Circuit's decision in *Boulerice*, and this Court's independent research has revealed none. Additionally, the Court has reviewed Fifth Circuit pattern jury instructions for crimes which have a materiality element and none of them includes an instruction that the defendant must know that the false statement or report is material.

to affect the price of the commodity that the false statement is material and, therefore, criminal under § 13(a)(2). Therefore, although the United States must prove that the false reports "affect or tend to affect the price of any commodity," the government is not required to prove that Valencia knew that the false reports were material, *i.e.*, that they "affect or tend to affect the price of any commodity." The statute is not unconstitutional because it does not include a *mens rea* requirement for the materiality element.

Defendant also seeks reconsideration of the Court's rejection of her argument that § 13(a)(2) is unconstitutionally vague because its use of the term "the price" does not define which price of a commodity is covered. As stated previously, Defendant's position that Congress intended to criminalize only the making of false or misleading reports that affect or tend to affect the *market* price is not supported by any legal authority, and there is no indication that Congress intended to limit the scope of the statute as suggested by Defendant. The Court again concludes that Defendant has not shown that the use of the term "the price" in § 13(a)(2) is inadequate to enable her or other individuals to determine whether intended conduct is prohibited by the statute. As a result, Valencia's motion for reconsideration of the Court's prior ruling regarding the term "the price" is denied.

Based on the foregoing, the Court concludes that § 13(a)(2) is not unconstitutional because it does not require proof that the defendant knew that the false information could affect or tend to affect the price of a commodity in interstate commerce. The Court again rejects Valencia's argument that the statute is unconstitutional because it does not limit the term "price" to market price. Accordingly, it is hereby

**ORDERED** that Valencia's Motions to Reconsider [Docs. # 63 in Criminal Action No. H-04-514 and Doc. # 106 in Criminal Action No. H-03-024] are **DENIED**.

SIGNED at Houston, Texas, this **19th** day of **December, 2005**.

_____
Nancy F. Atlas
United States District Judge