IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-04-514-SS |
| | § | |
| MICHELLE M. VALENCIA | § | |

ORDER ON MOTIONS FOR
CONTINUANCE AND DISCOVERY

The Court has considered Defendant Michelle M. Valencia's Motion to Continue Jury Selection and Trial Scheduled for April 10, 2006 [Doc. # 84] and Defendant's Motion for Discovery and Second Motion to Continue Jury Selection and Trial Scheduled for April 10, 2006 [Doc. # __].[1] The Government has responded to these motions and they are ripe for decision. The Court **grants** the motions as set forth below.

Defendant seeks a two-month continuance of jury selection and trial in this case, which currently is scheduled to begin April 10, 2006 [Docs. # 84, # __ ]. In large part, Defendant's Motions are based on the need for discovery concerning new charges contained

---

[1] Defendant's Motion for Discovery and Second Motion for Continuance has not been docketed, although a courtesy copy was delivered to the Court's chambers and the Government received a copy and has responded to it. Accordingly, the Court addresses the matters therein. Defendant is **ORDERED** to **file** that motion immediately. The Court will issue a separate ruling on Defendant's Second Motion for Exculpatory Evidence [Doc. # 85], Motion to Disclose Grand Jury Testimony [Doc. # 86], Defendant's Motion to Dismiss the Second Superseding Indictment for Failure to Allege the Offense with Sufficient Particularity [Doc. # 87], and Defendant's Motion to Dismiss Counts Two through Nine, Thirteen and Fourteen of the Second Superseding Indictment [Doc. # 88].

in the Second Superseding Indictment.[2] The new Indictment, which was issued seven weeks later than the Government predicted and the Court's deadline,[3] contain several new counts which involve events in March 2001 through June 2001, a time period months later than the last events alleged in the prior indictments against Defendant.[4] The Second Superseding Indictment includes charges that Defendant allegedly made false reports to trade publications as early as late July 2000, as well as March, April and May, 2001, and allegedly engaged in

---

[2]   Defendant contends also that the Court should grant a continuance because she is entitled to at least thirty days from the date she "first appeared through counsel," citing 18 U.S.C. § 3161(c)(2). The Government, citing *United States v. Rojas-Contreras*, 474 U.S. 231 (1985), disagrees with Defendant's interpretation of the law. The Court has broad discretion on this matter, *id.* at 236, but does not specifically decide this issue. The Court concludes, for reasons explained in the text of this Order, that a continuance is appropriate in the interests of justice.

[3]   The Government represented to the Court that it would supersede the indictment by mid-January 2006, and the Court agreed that was a reasonable time frame in light of the April 10 trial setting. The Government, however, did not obtain the new indictment until March 8, 2006, seven weeks later than represented.

[4]   The Government's charges against Defendant have had a long history. Defendant initially was charged in Criminal Case No. H-03-024, a seven-count indictment charging false reporting in violation of 7 U.S.C. § 13(a)(2) and wire fraud, 18 U.S.C. § 1343, between November 30, 2000 and February 28, 2001. In 2004, Defendant Valencia was charged in the case at bar, Criminal Case No. H-04-514 [Doc. # 1], with different violations of these statutes. In the original Indictment in this case, she was charged with participating in a conspiracy with Co-Defendant Greg Singleton, under 18 U.S.C. § 371, as well as committing four false reporting and wire fraud crimes allegedly committed during August and September 2000. A Superseding Indictment [Doc. # 49] was filed in this case on July 27, 2005, alleging two conspiracy and ten other counts against Valencia covering the period from July 2000 through September 2000. Finally, on March 8, 2006, the Second Superseding Indictment [Doc. # 78] was filed. That indictment includes twenty-three counts, names only Valencia as a defendant, and includes allegedly wrongful conduct between July 2000 into June 2001. This Second Superseding Indictment subsumes all previously asserted charges against Valencia and adds several new substantive counts covering the period of March through May 2001. The Government has dropped Singleton from this case and charges him separately in a Second Superseding Indictment filed in a new case, Criminal No. H-06-080.

wire fraud between late July 2000 and early June 2001. The theories of these new charges are similar but not identical to those in the earlier indictments in this case. The Court finds that the interests of justice dictate that Defendant be given additional time to prepare for trial on the charges in the Second Superseding Indictment. The Court therefore grants a seven-week continuance of the jury selection and trial date. The **final setting** for this trial is **May 30, 2006,** at **9:00 a.m.** This continuance will give Defendant adequate time to prepare in light of the time she already has had to evaluate the evidence made available by the United States Attorney's Office, computer databases now available, information from third party sources, and publicly available reports and other information. It also does not interfere with counsel's and the Court's other trial commitments.

The Court turns to Defendant's request for discovery. In her Motion for Discovery and Second Motion to Continue [Doc. # __], Defendant seeks discovery of all information on which the expert relied. The Government has an obligation to provide all material and information on which its expert has relied or that the expert considered in reaching his opinions. *See* FED. R. CRIM. P. 16(a)(1)(G) FED. R. EVID. 704; *see also id.* 703. Defendant's discovery requests in this motion are accordingly **granted**. It appears, however, that the Government has met its obligation through documents in its offices made available to Defendant (*e.g.*, transaction data from "Southern California Gas Company, et al.," transaction data from voice brokers and Enron On Line, grand jury testimony of Mark Currant and Kelley Doolan, the sentencing pleading filed in *United States v. Geiger*,

Criminal Case No. 02-712, and links to publicly available materials published by the Federal Energy Regulatory Commission ("FERC")).  The Court also relies on the Government's representation that this and all other materials in the United States Attorney's Office's possession will continue to be available at Defendant's counsel's convenience.

It is **SO ORDERED**.

SIGNED at Houston, Texas, this **29th** day of **March , 2006.**

_____
Nancy F. Atlas
United States District Judge