IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-04-514-SS |
| | § | |
| MICHELLE M. VALENCIA | § | |

### ORDER ON MOTIONS FOR DISCOVERY

The Court has before it Defendant's Second Motion for Exculpatory Evidence [Doc. # 85], and Motion to Disclose Grand Jury Testimony [Doc. # 86]. The Government responded to these motions on March 30, 2006.

Citing *Brady v. Maryland*, 373 U.S. 83 (1963), Defendant seeks through her Second Motion for Exculpatory Evidence [Doc. # 85] information about the United States Government's investigation, through FERC, the Commodities Futures Trading Commission, and the United States Attorney's Office for the Southern District of Texas (the "U.S. Attorney's Office"), into the energy industry's practices for reporting to the trade publications during 2000 and 2001. Defendant contends that the conduct in which she is alleged to have participated was an "industry-wide practice," and she therefore seeks evidence of the practices of energy companies other than her employer, Dynegy, Inc. This request is **denied as moot**. The Court finds that the U.S. Attorney's Office has made, and continues to make, available to Defendant all material in its possession (and that of other

United States Attorneys' Offices) concerning the investigations. This is sufficient.[1] Defendant does not point to any specific material that the U.S. Attorney's Office has that it has declined to make available.

Defendant makes wide-ranging, but unsupported assertions in her Motion to Disclose Grand Jury Testimony [Doc. # 86]. She apparently seeks production of copies of all testimony presented to the grand jury that issued the indictment in Case No. H-03-024, claiming simply and generally that she believes those charges are false. *See* Motion to Disclose Grand Jury Testimony [Doc. # 86], at 1. Defendant also argues that the allegation in the original indictment that Defendant's actions "potentially cost consumers of electricity and natural gas throughout the country great sums of money" must be false because the Government sought in a response to one of Defendant's early motions to "amend the indictment" to allege that Defendant's actions "undermined the ability of buyers and sellers to negotiate truly competitive transactions." *Id.* at 2. Defendant also contends that the Second Superseding Indictment alleges that "Defendant's actions affected swaps, that is,

---

[1]  The Government disputes how thoroughly defense counsel has reviewed the available material. This is not the Court's concern at this time. What is clear is that Valencia has had access through the U.S. Attorney's Office to detailed information subpoenaed from several energy companies and about those companies' practices. Moreover, the publicly available March 2003 report by FERC into numerous companies' electric and gas trading practices (and other related reports) covers these issues with extensive appendices. Finally, Defendant has had years to gather the necessary information on these matters from third-party sources. Finally, the relevance and probative value of the requested information is limited. While Defendant may argue she lacked criminal intent to defraud for purposes of the wire fraud counts or lacked the necessary *mens rea* for the false reporting counts because she thought submitting false information was not illegal, substantively, the fact that employees of other companies knowingly submitted false information to publications does not constitute a viable legal defense that it was in fact not illegal for Defendant or other traders to do so.

financial transactions in which two natural gas traders buy the exact same amount of gas from each other at the same time but at different prices; long-term supply contracts through which electric utilities, natural gas utilities and industrial companies bought natural gas; option contracts that gave traders the right to buy natural gas at index prices; royalty payments received by owners of natural gas mineral rights, including the United States Government and the states of Texas and New Mexico; tariffs charged by natural gas pipelines; and natural gas futures contracts." *Id.* at 2. Finally, Defendant contends that the Second Superseding Indictment Counts Fifteen, Sixteen, Eighteen through Twenty, Twenty-Two and Twenty-Three are untrue, and that she is therefore entitled to grand jury testimony supporting these counts. *Id.* at 2-3. Defendant deduces from these allegedly false allegations and from the Government's alleged changes in its theory of the case between the original indictment and the Second Superseding Indictment, that one or both of the grand juries heard false testimony. The Court is entirely unpersuaded. Defendant has not shown that the extraordinary relief she requests is warranted by the law or the facts of this case.

Defendant provides insufficient factual basis for requiring the Government to produce grand jury testimony of witnesses before they testify. *See generally* FED. R. CRIM. P. 6(e); 18 U.S.C. § 3500 (Jencks Act). "A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury." *United States v. Tucker*, 526 F.2d 279, 282 (5th Cir. 1976) (citing *Posey v. United States*, 416 F.2d 545 (5th Cir. 1969) (footnote omitted)). "Appellants' unsubstantiated assertions of improprieties before the grand jury do not approach such a showing." *Id.* (citing *United States v. Howard*, 433 F.2d

1 (5th Cir. 1970)); *see United States v. Cole*, 755 F.2d 748, 758-59 (11th Cir. 1985) ("A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury." (citing *United States v. Tucker*, 526 F.2d 279, 282 (5th Cir..1976)); *United States v. Johnston*, 685 F.2d 934, 941 (5th Cir. 1982) (citing *Dennis v. United States*, 384 U.S. 855 (1966); *Tucker, supra*)); *see generally United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983) ("We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."); *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-219 (1979).  Defendant's personal opinion that the charges against her, and thus testimony about those matters presented to the grand jury, are "false" is insufficient to warrant the relief she seeks.

The Court is unpersuaded also by Defendant's assertion that the Government's theories of the case have changed in a material way.  The original indictment had only general language about the purpose of the allegedly unlawful conduct.  Later versions of the charges have clarified and made the Government's theory more specific.  The accuracy of the now-pending charges against Defendant will be tested at trial.  Fact issues abound in this case.  These are matters for the jury.  Defendant is not entitled to grand jury testimony, except to the extent the testimony or evidence was relied on by the Government's expert and as required under the Jenck's Act, 18 U.S.C. § 3500.

It is **SO ORDERED**.

SIGNED at Houston, Texas, this **31st** day of **March, 2006.**

_____
Nancy F. Atlas
United States District Judge