IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-04-514 |
| | § | |
| MICHELLE VALENCIA. | § | |

## MEMORANDUM AND ORDER

This criminal case charging Defendant Michelle Valencia with violations of the Commodity Exchange Act, conspiracy, and wire fraud is before the Court on various motions filed by Valencia seeking dismissal of the Second Superseding Indictment (the "Indictment") and, if no dismissal, seeking additional discovery prior to trial.[1] Valencia's arguments in these motions largely reiterate earlier motions and contentions for dismissal of prior versions of the charges against her.[2] The motions are filed principally to preserve these arguments in light of Second Superseding Indictment. The motions are denied.

---

[1] By agreement of the parties, this case will be part of a consolidated trial with *United States v. Greg Singleton*, Criminal Case No. 06-080, to begin on July 5, 2006.

[2] Valencia originally was charged in Criminal Case No. H-03-024. The Government recently stated that all those charges are subsumed by counts in the Second Superseding Indictment in Criminal Case No. 04-514.

**Procedural Background**

Singleton and Valencia were indicted [Doc. # 1] together in 2004 in Criminal Case No. H-04-514. They were charged with conspiracy (18 U.S.C. § 371) to violate the Commodity Exchange Act, 7 U.S.C. § 13(a)(2) (the "Act"), and six substantive counts of "false reporting" under the Act, § 13(a)(2). The charges allegedly arose from Defendants' joint or separate submissions of reports to publications that compile natural gas trading data and create natural gas "index prices" for numerous locations throughout the United States.

On July 27, 2005, a Superseding Indictment [Doc. # 49] was issued charging the two Defendants with conspiracy, as well as sixteen substantive counts (eight counts of making false reports in violation of the Act and eight counts of wire fraud).[3]

On March 8, 2006, the grand jury issued two indictments. One was a Second Superseding Indictment in Criminal Case No. 04-514, this time solely against Valencia (charging one count of conspiracy, 18 U.S.C. § 371, thirteen counts of false reporting, 7 U.S.C. § 13(a)(2), and eight counts of wire fraud in violation of 18 U.S.C. § 1343). The other indictment charged Singleton alone with one count of conspiracy (involving the same conspiracy as charged against Valencia), five counts of false reporting under

---

[3] Some of the substantive counts named only one Defendant and some named both.

the Act, 7 U.S.C. § 13(a)(2), three counts of wire fraud, 18 U.S.C. § 1343, and one count of obstruction of justice in violation of 18 U.S.C. § 1512(c)(2).[4]

**Motion to Dismiss the Second Superseding Indictment on Constitutional Grounds**

Valencia has filed a "Motion to Declare Title 7 U.S.C. § 13(a)(2) Unconstitutional and Motion to Dismiss Counts One Through Fourteen of the Second Superseding Indictment and Supporting Memorandum" [Doc. # 126], to which the Government has responded [Doc. # 140]. Valencia acknowledges that this Court has already considered these issues in connection with her prior motions and memoranda of law.[5] The Court has previously addressed each of the issues Valencia now raises.[6] Valencia states that it is her "intent to re-assert and adopt all previously filed arguments and Motions in Cause No. H-03-024 into the present Motion, and not, through default

---

[4] Because the grand jury separated the charges against Defendants into two indictments, a new case file was opened for the indictment against Singleton, Criminal Case No. 06-080.

[5] These motions and memoranda of law were filed in Cause No. H-03-024 as Document Nos. ("Doc. #") 25, 26, 27, 32, 33, 34, 51, 68, 69, 70, 101, 106, and 112, and in Case No. H-04-514, as Doc. # 47, # 87, and # 88.

[6] *See* Memorandum and Order, *United States v. Michelle Valencia*, Crim. Case No. H-03-024, 2003 WL 23174749 (S.D. Texas Aug. 25, 2003) [Doc. # 57] and Memorandum and Order dated Nov. 13, 2003, *United States v. Michelle Valencia*, Crim. Case No. H-03-024 [Doc. # 76] (rejecting all Valencia's arguments except as to one aspect of overbreadth (*mens rea* requirement)), *rev'd* (on Government's appeal), 394 F.3d 352 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 2286 (2005); Memorandum and Order dated Oct. 7, 2005, *United States v. Michelle Valencia*, Crim. Case No. H-04-514 [Doc. # 62]; Memorandum and Order dated Dec. 19, 2005, *United States v. Michelle Valencia*, Crim. Case No. H-04-514 [Doc. # 73]; Memorandum and Order dated April 13, 2006, *United States v. Michelle Valencia*, Crim. Case No. H-04-514 [Doc. # 103].

or exclusion waive any issue raised in the current or previous Cause number." Doc. # 126, at 1. Valencia, in sum, asserts again that the statute in issue, 7 U.S.C. § 13(a)(2),[7] is unconstitutional on various grounds. Valencia argues first that the statute is constitutionally overbroad because, as a regulation of speech designed to prohibit market manipulation through the reporting of false information which tends to affect the market price of a commodity, there must be a *mens rea* requirement. Valencia contends that this requirement is missing from the statute as drafted. Second, Valencia contends that § 13(a)(2) is unconstitutionally vague because the terms "the price," "any person," and "market information" are undefined and vague. Third, Valencia contends that § 13(a)(2) fails to give "minimal guidelines to law enforcement officers, and thus invites arbitrary and discriminatory enforcement. Fourth, Valencia contends that the statute is unconstitutionally vague in that a "plain reading of the terms allows prosecution for conduct outside the scope of the Act." Fifth, Valencia argues that § 13(a)(2) is unconstitutionally applied to her under the circumstances of this case. Valencia contends that natural gas is an "excluded" and an "exempt" commodity

---

[7] Section 13(a)(2) is part of the Act, which section states in pertinent part:

> (A) It shall be a felony . . .for:
> (1) Any person . . . knowingly to deliver or cause to be delivered for transmission through the mails or interstate commerce . . . false or misleading or knowingly inaccurate reports concerning crop or market information or conditions that affect or tend to affect the price of any commodity in interstate commerce, . . ."

pursuant to the Act and that the Indictment fails to allege a cognizable offense by failing to allege that Valencia's actions affected or tended to affect the price of a commodity as defined under the Act.

The Court relies on and adopts its prior extensive rulings in this and related cases. Valencia's arguments therefore each are rejected on the same grounds previously set forth, and her "Motion to Declare Title 7 U.S.C. § 13(a)(2) Unconstitutional and Motion to Dismiss Counts One Through Fourteen of the Second Superseding Indictment and Supporting Memorandum" [Doc. # 126] is **denied**.

## Request for More Particulars

The Government filed a summary of pertinent evidence (the "Summary") [Doc. # 112[8]] at the Court's request in response to Valencia's requests for more particulars. The Summary contains numerous exhibits that consist largely of copies of emails from natural gas trading entities such as Dynegy and El Paso (or their affiliates) listing purported natural gas transactions by location, price, volume, and date. Valencia primarily complains that the Government has not stated which item or items in each line of these exhibits is false. *See* Docs. # 127, # 141.[9] Valencia points, as an illustration,

---

[8]   *See* Docs. # 123 (duplicate of # 112) and # 125 (the CDs containing an electronic version of the exhibits to Docs. # 112 and # 123).

[9]   As part of this motion, Valencia states that the Summary is inadequate because the Government has not delineated precisely what items in the reports comprise the "charged
(continued...)

to Exhibit 1 to the Summary [Doc. # 112]. Exhibit 1 is a copy of an email exchange between a person at Dynegy with a representative at *Inside FERC*, a trade newsletter that publishes monthly index prices for natural gas at numerous locations in the United States. Attached to the email is an Excel spreadsheet that contains 50 rows of reported Dynegy natural gas transactions. The Government states that each reported transaction in 49 of these rows is a "fictitious trade, i.e., a trade did not occur as described." Doc. # 112, at 1.[10] Valencia acknowledges that the Government correlates Exhibit 1 in the Summary to Overt Act # 4 and Counts Four and Sixteen of the Indictment, but asserts that "there is no way of determining what is a charged falsity and what is not." Doc. # 127, at 3. Valencia similarly recognizes that each other exhibit to the Summary is

---

9    (...continued)
offense" and "what is alleged intrinsic to that offense." Doc. # 127, at 2; Doc. # 141. The substantive distinction between evidence that is "intrinsic" versus evidence in the "charged offense" escapes the Court. Generally, the distinction that is material is whether evidence is of matters intrinsic to the offense or is proof of "other crimes, wrongs, or acts" which is "not admissible to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). The threshold inquiry is whether the evidence was extrinsic or intrinsic because Federal Rule of Evidence 404(b) disallows evidence of "other crimes, wrongs, or acts" when used to prove a defendant's character, but not when used for "other purposes." *See United States v. Hernandez*, Slip Copy, 2006 WL 1582654 *1 (5th Cir. 2006) (Rule 404(b) does not apply to intrinsic evidence (citing *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996)). The Court therefore addresses the more specific criticism advanced by Valencia.

10   In Exhibit 1, on each row (*i.e.*, each reported "trade"), there is listed a price, volume, date, and name of the company (Dynegy or El Paso, or an affiliate) involved in the alleged trade.

correlated to a specific overt act in the conspiracy count (Count One) and to particular substantive counts.

Valencia's contention that she has insufficient information to prepare for trial is unavailing.  The Government in writing and orally has explained its theory of the case and provided sufficient factual information to the defense.  As to each allegedly false line on the Summary exhibits, *i.e.*, each reported "trade," the Government contends that there was no actual trade entered into by the reporting entity (*e.g.*, a Dynegy or El Paso entity).  Therefore, there is no way—and no need—from the Government's perspective to "match" a false trade to an actual trade in order then to identify specific pieces of different information between the two.  The Court accordingly rejects Valencia's contention that the Government must identify an actual trade for comparison to each line of each report in issue.  Given its theory of this case, the Government has no obligation to demonstrate that a specific report of a "trade" differs in a particular manner from an identifiable actual trade.  Valencia has the necessary discovery and particulars to prepare for trial.[11]

---

[11]     This is also true for the charges against Defendant Singleton, who is deemed to have joined in this motion.

Valencia also has filed "Renewed Motions to Dismiss the Second Superseding Indictment" [Doc. # 127].[12] Valencia complains that the Indictment is "still defective for failing to allege 'why' or 'how' Defendant's report is false." Doc. # 127, at 3-4. Valencia then contends that denial of this information results in a violation of her constitutional rights, citing *Russell v. United States*, 369 U.S. 749, 770 (1962). The Government responds by referring to its prior response to Valencia's discovery requests [Doc. # 98, filed in response to Doc. # 87] and argues that the level of detailed discovery that Valencia seeks is not required by law. The Court agrees with the Government. This motion is denied for the reasons explained above. In sum, the Government need not at trial compare each allegedly fictitious report to an actual trade.

**<u>Request for Grand Jury Testimony and Related Motion to Dismiss</u>**

Finally, Valencia renews earlier arguments that she is entitled to the grand jury testimony at this time in order to enable her to ensure that the charged offenses in fact were presented to the grand jury, citing *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). *See* "Renewed Motions . . . for Disclosure of Grand Jury Testimony" [Doc. # 127], at 5-6. The Government responds that the Indictment tracks the elements of the statute allegedly violated and places Valencia on notice of the charges against her, as well as provides sufficient information to avoid double jeopardy.

---

[12]   This is another portion of the same document discussed at pages 5-7 *supra*.

The Court agrees. A presumption of secrecy of the grand jury, a "body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor," is crucial to the grand jury's "efficacy." *Pittsburgh Plate Glass*, 360 U.S. at 400 (internal quotations omitted). "There are occasions when the trial judge may in the exercise of his discretion order the minutes of a grand jury witness produced for use on his cross-examination at trial," such as "where the ends of justice require it." *Id.* (internal citations and quotations omitted). "The burden, however, is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy." *Id.* Valencia has made no such showing here.[13] This request is denied.

**Conclusion and Order**

For the forgoing reasons, Valencia's pending Motions are denied. It is therefore

**ORDERED** that Valencia's "Motion to Declare Title 7 U.S.C. § 13(a)(2) Unconstitutional and Motion to Dismiss Counts One Through Fourteen of the Second Superseding Indictment and Supporting Memorandum" [Doc. # 126] is **DENIED**. It is further

---

[13] Of course, the Government must meet its *Jencks*' obligations on the schedule agreed at a recent pretrial conference in this case.

**ORDERED** that Valencia's requests for additional discovery [Doc. # 127, Doc. # 141] are **DENIED**. It is further

**ORDERED** that Valencia's "Renewed Motions to Dismiss the Second Superseding Indictment and for Disclosure of Grand Jury Testimony" [Doc. # 127] are **DENIED**.

SIGNED at Houston, Texas, this **22nd day** of **June, 2006**.

_____
Nancy F. Atlas
United States District Judge