IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-04-514 |
| | § | |
| MICHELLE VALENCIA. | § | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant Michelle Valencia's Motion for Bail Pending Appeal ("Motion") [Doc. # 334], to which the United States has filed a Response [Doc. # 339] in opposition, and Valencia filed a Reply [Doc. # 343]. Having carefully considered the record in this case and having applied the governing legal authorities, the Court **denies** Valencia's Motion.

### I.  BACKGROUND

Valencia was convicted of seven counts of wire fraud based on her knowingly providing false information to industry publications that calculate natural gas "index prices" that were often used for establishing the price in natural gas contracts. She was sentenced to a term of imprisonment of fifty-seven months, followed by a two-year term of supervised release.

Valencia has moved for bail pending appeal. Valencia states that this Court has already "indicated that it would grant an extension of her reporting date if requested" and argues that, as a result, an order for bail pending appeal will not significantly delay Valencia's eventual reporting date if her appeal is unsuccessful.[1] Valencia also identifies several issues on appeal that she views as "substantial" for purposes of bail pending appeal. The Government opposes Valencia's Motion, which is ripe for decision.

## II.    APPLICABLE LEGAL STANDARD

There is no constitutional right for a defendant to be released on bond after being convicted and sentenced for an offense. *See United States v. Williams,* 822 F.2d 512, 517 (5th Cir. 1987) (citing *United States v. Bright*, 541 F.2d 471, 477 (5th Cir. 1976), *cert. denied*, 430 U.S. 935 (1977)). Under federal law, there is a presumption against granting a defendant bail after conviction and sentencing. *See id.*; 18 U.S.C. § 3143(b). To obtain bail pending appeal, the convicted defendant must prove by clear and convincing evidence each of the following four factors: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the

---

[1]    The Court did not promise that any request for an extension of Valencia's reporting date would be granted. Any such request will be reviewed on the merits at the time it is made.

appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Valera-Elizondo,* 761 F.2d 1020, 1025 (5th Cir. 1985); *see also Williams*, 822 F.2d at 517.  A question of law or fact is "substantial" if it raises a substantial doubt and could "very well be decided the other way" by the Court of Appeals.  *See United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990).

### III.  ANALYSIS

Regarding the first two factors, the Court finds that there is little likelihood that Valencia will flee or pose a danger to the community if she is released during her appeal, and finds that Valencia is not pursuing her appeal solely for the purpose of delay.

Regarding the last two factors, the Court finds that Valencia has not shown by clear and convincing evidence that she has asserted substantial issues on appeal that are likely to result in her conviction being overturned or reversed. Valencia states that the jury convicted her based on allegedly false statements that were not included in the indictment, but this argument is not supported by the record.  The indictment charged Valencia with submitting reports that contained false trades.  The United States identified specific trades in each report that were shown to be false in that these

trades did not occur as reported. There is no indication the jury based its decision on trades that were not included in the indictment. This appellate issue is neither substantial nor likely to result in a reversal of Valencia's conviction.

Valencia argues that Glen Labhart was improperly identified as a fact witness rather than an expert witness, allowing the United States to avoid its pre-trial disclosure requirements for expert witnesses. Labhart was a fact witness with particularized, personal knowledge; he was not an expert witness for the United States. Nonetheless, the United States voluntarily complied with the notice requirements for expert witnesses set forth in Rule 16 of the Federal Rules of Criminal Procedure. This appeal point does not present a substantial issue likely to result in reversal or other modification of the conviction or the sentence in this case.

Valencia raises two appellate issues regarding Matthew O'Loughlin, the expert witness for the United States. First, Valencia argues that O'Loughlin revised his expert opinion without notice. This argument does not present a substantial issue on appeal because it is not factually supported by the record. Valencia's defense counsel repeatedly claimed not to have received documents they later conceded had been provided. The United States provided O'Loughlin's revised report to Valencia's defense counsel in May 2006, well before trial. Valencia, who has the burden to establish a basis for bail pending appeal by clear and convincing evidence, provides

no legal or factual support for her argument that the charts and spreadsheets provided to defense counsel by the Government do not qualify as a "written summary" of O'Loughlin's anticipated testimony.

Valencia also argues that O'Loughlin's testimony failed to satisfy the requirements of Rule 702 of the Federal Rules of Evidence. Valencia raised this argument before trial, the Court carefully reviewed the proffered testimony and held that it was admissible. This argument does not present a substantial issue on appeal that is likely to result in a ruling that the Court's decision on the admissibility of O'Loughlin's testimony was an abuse of discretion. As a result, this appellate issue does not support an order for bail pending appeal.

Valencia's final argument in her Motion is that the evidence was insufficient to prove beyond a reasonable doubt that Valencia had an intent to defraud or that the allegedly false statements were material. To the contrary, the evidence on intent to defraud and materiality was significant. If believed by the jury, the evidence clearly established beyond a reasonable doubt that Valencia acted with an intent to defraud and that the false trades reported to the industry publications were material. This argument does not present a substantial factual or legal issue that is at all likely to result in a favorable ruling for Valencia.

Because Valencia has failed to show by clear and convincing evidence that she has raised a substantial question of law or fact that, if decided in her favor on appeal, is likely to result in reversal of her conviction or an order for a new trial on all counts on which imprisonment has been imposed.  As a result, the law requires that the Court "shall order" that Valencia be detained pending appeal.  *See* 18 U.S.C. § 3143(b)(1).

## IV.   CONCLUSION AND ORDER

There is no likelihood that Valencia will flee or pose a danger to the safety of the community if she is released pending appeal, and the Court finds that Valencia is not pursuing this appeal solely for the purpose of delay.  Valencia has failed to establish, however, that the appeal raises a substantial question of law or fact that, if decided in her favor, would result in reversal of her conviction.  Consequently, it is hereby

**ORDERED** that Valencia's Motion for Bail Pending Appeal [Doc. # 334] is **DENIED**.

SIGNED at Houston, Texas, this **10th** day of **December, 2008**.

_____
Nancy F. Atlas
United States District Judge